McKinney, J.,
delivered the opinion of the Court.
The defendants in error, residents of Baltimore, made several consignments of preserved oysters and fruits, at different times during the year 1854, to the plaintiffs in error, as factors, resident in Knoxville. In the spring of 1855, Campbell & Co., sold and transferred their business to Marley & Ricar-di; and, at the same time, turned over to the latter a portion of the consignments which then remained undisposed of. This was done without the knowledge or consent of the consignors. And there is no evidence in the record that Campbell & Co., informed them of the transfer to Marley & Ricardi, or rendered any account of sales, before the institution of this suit. Marley & Ricardi appear, from the proof, to have been prudent business men; and it further appears, that during a period of some two years after the transfer to them, Marley & Ricardi made sales to the amount of $80; which they remitted to the consignors, who gave a receipt for the same, on account of Campbell & Co. It also appears, that'Marley & Ri-cardi informed the consignors of the transfer of the goods to them, by letter; but at what time this was done, does not appear ; nor does it appear that the consignors in any manner sanctioned, or ratified, the act of Campbell k Co., in delivering over the goods to Marley & Ricardi.
His Honor, the Circuit Judge, instructed the jury, that the relation of factor and principal was one of personal trust and confidence. And that, in general, where a consignment of goods was made to a factor for sale on account of the principal, the factor would have no authority to deliver over the goods to a third party for sale, without tiie assent of the principal, unless some usage of trade to the contrary prevailed, or the act were subsequently ratified by the principal. And that the factor making such transfer — without the previous or sub *228 sequent sanction of the principal, and in the absence of any usage or custom of trade — would be liable for the value of the goods thus transferred.
The jury found for the plaintiffs; and the case is brought to this Court by writ of error.
The position assumed by the counsel for the plaintiffs in error, is, that the transfer of the goods by the factors, under the circumstances, did not constitute a conversion; and that the value of the goods cannot be recovered in an action of assump-sit — which is the form of the present action — hut, if at all, only by a special action on the case. ¡
We do not assent to the correctness of this position. It is true; that a factor has a special property in the goods intrusted to him for sale; and a lien on them for his factorage or commission; and he may sell the goods in his own name. But, in general, he has no power to delegate his authority to another person — it must be executed by him personally, unless authority to substitute another in his stead, was, expressly or impliedly, conferred upon him by his principal. Story on Agency, secs. 13, 110, 201.
If, then, the factor dispose of the goods, by a delegation of his authority to a third person, without the sanction of the principal, or of a usage of trade, what is the legal consequence ? Clearly, it is a conversion of the goods by the factor. This must necessarily be so. The act being unauthorized, no privity is thereby created between such third person and the principal. Such wrongful act cannot be held to confer on the third person, as respects the principal, the rights, duties, or obligations of the factor himself.' * Wherever authority to appoint a sub-agent exists, a privity is created between the principal and such sub-agent, and the latter will he held directly responsible to the principal. But, if no such privity exists, the sub-agent would be responsible to • his immediate employer; and the remedy of the principal is against his agent. Ibid. 13, 201. .
T unauthorized disposal of the goods by the factor, being a conversion, it clearly follows that the principal has an elec *229 tion either to sue iu trover, grounding his action on the tort: or, to waive the tort, and recover the value of the goods in an action of assumpsit, based upon the breach of the implied contract.
Judgment affirmed.